IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| SAHAD M. AL ABADI,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:15-cv-773-RJS-PMW<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Paul M. Warner |

District Judge Robert J. Shelby referred this matter to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Pursuant to 42 U.S.C. § 405(g), Sahad M. Al Abadi ("Plaintiff") seeks judicial review of the decision of the Acting Commissioner of Social Security ("Commissioner") denying her claim for supplemental security income ("SSI") payments under Title XVI of the Social Security Act (Act), 42 U.S.C. § 1382. After a careful review of the entire record, the parties' briefs, and arguments presented at a hearing held on November 23, 2016, the court RECOMMENDS the following findings based on the standard of review of substantial evidence and/or correct legal standard.

**ISSUES PRESENTED**

Plaintiff argues that the administrative law judge ("ALJ") erred in finding she could perform other work that existed in significant numbers in the national economy because the residual functional capacity ("RFC") assessment and hypothetical question posed to the

---
[1] *See* docket no. 7.

vocational expert, which both included a "mild"[2] limitation in maintaining regular attendance, because that limitation would amount to 26 absences in a year, which precluded all work (Doc. 17, Plaintiff's Brief (Pl. Br.) 3-4).  The Court does not find Plaintiff's arguments persuasive.

## STANDARD OF REVIEW

This Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied.  *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* (internal quotation and citation omitted).  Where the evidence as a whole can support either the agency's decision or an award of benefits, the agency's decision must be affirmed.  *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).  Upon review, this Court "should, indeed must, exercise common sense" and not "insist on technical perfection."  *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012).

## BACKGROUND

Plaintiff claimed she became disabled on October 18, 2011, due to post-traumatic stress disorder ("PTSD") and "mental problems" (Certified Administrative Transcript (Tr.) 144, 163). She was an Iraqi national with a college education who moved to the United States in 2011 (Tr. 33, 268, 350).  In addition to her anxiety and mood disorders, she experienced difficulty acclimating to the United States (Tr. 18, 268).

Plaintiff; medical expert Ronald Houston, Ph.D.; and vocational expert Jack Hurst testified at an administrative ALJ hearing (Tr. 34-57).  Plaintiff testified that she worked in Iraq

---

[2] The ALJ defined "mild" to mean 10% or less overall restriction (Tr. 16, 47).

at the Red Crescent from 1991 to 2000, sending messages to and from families in areas of conflict (Tr. 49-50). She experienced fear, especially when she lived in Iraq and the war started, which caused problems sleeping (Tr. 37). In the United States, she received treatment for her anxiety from Utah Health and Human Rights, but stopped attending counseling sessions because she did not see any progress and the treatment was repetitive (Tr. 38, 44). She testified that she left her house to take and pick up her children (ages 15, 13, and 5) from school (Tr. 39). Plaintiff said she had difficulty finishing tasks (Tr. 41-42).

  Dr. Houston testified that Plaintiff's mental impairments did not meet a listed impairment and rated her as having "mild" limitations in activities of daily living and "moderate" limitations in social functioning and in maintaining concentration, persistence, and pace, due in part to difficulty with acculturation to the United States from Iraq (Tr. 35-36). As relevant to this appeal, the ALJ asked Dr. Houston to evaluate Plaintiff's limitations and defined the term "mild" to mean 10% or less overall restriction in an eight-hour workday (Tr. 47). Dr. Houston explained that his limitations would include both limitations from Plaintiff's mental impairment and from her acculturation issue (Tr. 47). Dr. Houston rated Plaintiff's restriction to maintain regular attendance as "mild" (Tr. 47). He explained that although Plaintiff did not like to leave her house, when she did, she was able to attend appointments and meet her obligations (e.g., picking up her children from school) (Tr. 47).

  Mr. Hurst classified Plaintiff's work at the Red Crescent as a mail clerk and testified that a hypothetical individual who had the same limitations as Plaintiff could perform the duties of a mail clerk (Tr. 49-51). He testified the individual could also work as a medical assembler, small parts assembler, and laundry folder (Tr. 51-52). Mr. Hurst testified that, generally, two absences

a month are acceptable and that two days in a 20-day work month was an acceptable number of absences (Tr. 52).

After the hearing, the ALJ issued a decision in which she followed the five-step sequential evaluation process for evaluating disability claims (Tr. 12–25). *See generally* 20 C.F.R. § 404.920(a)(4). The ALJ found that Plaintiff's mood disorder and anxiety disorder were "severe" impairments (Tr. 14). As relevant to Plaintiff's challenge, the ALJ assessed Plaintiff with an RFC that included "mild" limitations (defined as 10% or less overall restriction in an eight-hour workday) in maintaining regular attendance (Tr. 16). The ALJ then relied in part on vocational expert testimony to find that Plaintiff could perform other work that existed in significant numbers in the national economy (Tr. 24-25; 47, 51). Thus, the ALJ found that Plaintiff was not "disabled" under the Act (Tr. 25). The Court finds that the ALJ's factual findings are supported by substantial evidence in the record and that the correct legal standards were applied.

**The ALJ's step five-finding is supported by substantial evidence and free from legal error.**

Plaintiff argues that the ALJ's RFC and hypothetical question posed to the vocational expert are per se disabling because, a 10% limitation in regular attendance would cause 26 absences a year. This Court disagrees. When viewed in its entirety, the record contains substantial evidence to support the ALJ's findings. In particular, the vocational expert was asked to testify based on the "mental limitations as outlined by the medical expert," (Tr. 51), which necessarily includes the absence issue. Based on those limitations, the vocational expert testified that Plaintiff could perform prior and other work. In addition, the ALJ's question to the vocational expert about the acceptable level of absences was for a "20-day work month," (Tr.

52), i.e. a 240-day work year.  However, Plaintiff's argument is premised on 260-day work year, which is greater than what was discussed with the vocational expert.

When the findings regarding a claimant's impairment are adequately reflected in the ALJ's hypothetical questions to the vocational expert, the vocational expert's testimony constitutes substantial evidence to support the ALJ's related determination.  *See Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000) (finding no error when the ALJ relied upon a hypothetical question to the vocational expert that included all the limitations the ALJ ultimately included in his RFC assessment).  Here, the hypothetical question the ALJ posed to the vocational expert included the same "mild" limitations, with the same definition as the RFC finding (*compare* Tr. 16 *with* Tr. 52).  The vocational expert testified that an individual with a 10% or less overall restriction maintaining regular attendance in an eight-hour workday could work as a medical assembler, small parts assembler, and laundry folder (Tr. 51).  Plaintiff's challenge lacks merit.

And this Court recognizes that it "may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo."  *Lax*, 489 F.3d at 1084.  "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence."  *Id.*  The ALJ specifically asked the vocational expert whether attendance problems 10% of the time would affect the jobs listed (Tr. 52).  The vocational expert testified to representative jobs that an individual with a 10% or less overall restriction maintaining regular attendance in an eight-hour workday could perform (Tr. 51).  Here, the vocational expert's testimony was substantial evidence that supported the ALJ's step-five determination that Plaintiff was not disabled under the Act.  *See Ellison*, 929 F.2d at

537 (recognizing a vocational expert's testimony as substantial evidence supporting the ALJ's conclusion the claimant was not disabled).

## CONCLUSION

Accordingly, this Court concludes that the ALJ's decision in this matter is supported by substantial evidence in the record and that the correct legal standards were applied. Plaintiff's arguments fail as a matter of law, and **IT IS HEREBY RECOMMENDED** that the Commissioner's decision in this case be **AFFIRMED**.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 7th day of December, 2016.

BY THE COURT:

_____

PAUL M. WARNER
United States Magistrate Judge